Jose Ricardo VERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–079–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1991.

Allen C. Lee, Ingleside, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, John Gilmore, Asst. Dist. Atty., Portland, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr., and DORSEY, JJ.

OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant waived jury trial and pled guilty to delivering heroin. The trial court assessed punishment at 15 years in prison. We reverse the trial court's judgment and remand the cause for new trial.

Appellant brings forward only one point of error, but he raises a series of complaints in this one point attacking the voluntariness of his guilty plea. Although appellant should have raised each complaint in a separate point of error, we find that the brief adequately directs our attention to the various alleged errors, and we will consider them properly preserved for appellate review. *See* Tex.R.App.P. 74(d).

 One of appellant's complaints is that the trial court did not properly admonish him in accordance with Tex.Code Crim. Proc.Ann. art. 26.13(a)(2) (Vernon 1989) by inquiring about the existence of a plea bargain.[1] We agree.

---

1. The trial court's failure to comply with article 26.13 admonitions may be raised for the first time on appeal. *See Williams v. State,* 415 S.W.2d 917, 919 (Tex.Crim.App.1967).

Article 26.13(a)(2) provides that prior to accepting a plea of guilty, the court shall admonish the defendant of:

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. *Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant* and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any findings on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere.... (emphasis added).

At the plea hearing, the trial court admonished appellant on the range of punishment, the court's right not to follow any recommendation on punishment, the possibility of a limited right to appeal, appellant's ability to understand English, his competency to enter the plea, and his right to a jury trial. The trial court did not inquire into the existence of a plea agreement, and neither the State nor appellant indicated that the plea was the product of a bargain. When the trial court asked the State if it had a recommendation, the prosecutor responded that he was recommending fifteen years and a fine. The trial court then ordered a presentence investigation and set sentencing for a future date.

When appellant returned for sentencing, he requested that the court allow him to withdraw his plea. He alleged that when he entered his plea, he believed probation was part of his bargain.[2] This term of the bargain, of course, had not been mentioned at the plea hearing as the trial court had never asked about the existence of a plea bargain, as it should have under article 26.13, and neither party had volunteered

any discussion about a plea bargain. We note that although no mention of a plea bargain is made in the statement of facts from the plea hearing, the trial court's docket sheet states that the trial court inquired "as to any plea bargaining agreement" and would follow the agreement. At sentencing, the prosecutor stated that there had been a plea bargain, but he did not state whether probation had been a part of the bargain.

In reviewing the record, we are convinced that had the trial court complied with article 26.13 the parties would not now have conflicting accounts about the plea bargain's terms. In *Otero v. State,* 768 S.W.2d 848, 851 n. 3 (Tex.App.—Corpus Christi 1989, no pet.), we held that a trial court has a statutory obligation to inquire into the existence of an agreement and comprehend the terms of any agreement before accepting the plea. As in that case, an explicit inquiry about the existence and terms of any bargain could have prevented the later confusion. *See Kass v. State,* 642 S.W.2d 463, 465–467 (Tex.Crim.App.1981); *Otero,* 768 S.W.2d at 851. As the trial court completely failed to inquire about the existence or terms of the bargain, we cannot find that the court "substantially complied" with the terms of article 26.13. *See* Tex.Code Crim.Proc.Ann. art. 26.13(c) (Vernon 1989).[3]

The judgment of the trial court is reversed, and the cause is remanded for new trial.

---

**2.** Appellant was not eligible for probation under the recommended sentence because the length of the sentence exceeded ten years. *See* Tex. Code Crim.Proc.Ann. art. 42.12, § 3 (Vernon Supp.1991).

**3.** Under Tex.Code Crim.Proc.Ann. art. 26.13(d) (Vernon 1989), the trial court may admonish the defendant in writing. A written statement

supposedly in compliance with this section is included in the transcript and is signed by appellant, his attorney, and the trial court. Nonetheless, the statement does not indicate whether the plea was entered pursuant to an agreement and therefore does not resolve the problem raised in this case.