NUMBER 13-99-643-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



___________________________________________________________________



ROLANDO CASTELLANO , Appellant,



v.





THE STATE OF TEXAS , Appellee.

___________________________________________________________________



On appeal from the 24th District Court

of Jackson County, Texas.

__________________________________________________________________



O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Rodriguez





 Rolando Castellano, appellant, was charged by a two-count indictment with possession with intent to deliver cocaine,
and possession of cocaine, both in an amount of more than 400 grams. Tex. Health & Safety Code Ann. § 481.112(f)
(Vernon Supp. 2001). The indictment contained an enhancement paragraph alleging appellant had been convicted of a
prior felony. Appellant pleaded guilty to count one and pleaded true to the enhancement paragraph. The court found
appellant guilty, found the enhancement paragraph true, and sentenced appellant to confinement for life and a fine of
$100,000.00. 

 According to the judgment, there was a plea agreement between the State and the defendant. No such agreement,
however, appears in the record. Appellant filed a motion for new trial, alleging his plea was involuntary. The motion
was overruled by operation of law. Thereafter, appellant filed a general notice of appeal. By twelve issues, appellant
challenges the voluntariness of his plea. We affirm.

 We must first address whether we have jurisdiction to consider this appeal from a guilty plea. In Cooper v. State, the
court of criminal appeals announced that rule 25.2(b) of the Texas Rules of Appellate Procedure does not authorize a
defendant who enters a guilty plea pursuant to a plea bargain and who files a general notice of appeal to challenge the
voluntariness of his plea on appeal. See Cooper v. State, 2001 Tex. Crim. App. LEXIS 25, *12, *16, No. 1100-99
(Tex. Crim. App. April 4, 2001) (defendant may not appeal voluntariness of his plea in plea-bargained, felony cases;
voluntariness may be raised in motion for new trial or habeas corpus). The court ostensibly left open the possibility of
such an appeal from an open plea of guilty. (1) Thus, if appellant pleaded guilty pursuant to a plea agreement, we lack
jurisdiction to consider the appeal. At the same time, if he pleaded guilty without an agreement, we may consider his
voluntariness challenge. (2)

 

 The State concedes appellant pleaded guilty without a plea agreement. In his brief, appellant states, "[a]lthough the
judgment in our case states that the sentence received was pursuant to a plea bargain, the record shows otherwise, or at
least ambiguity governing [the] same. . . . The pronouncements in the judgment, which are belied by the record, should
have no impact on this Court's ultimate holding." Giving appellant the benefit of the doubt so that we may consider
the appeal, we will presume he pleaded guilty without the benefit of a plea agreement. (3) 

 In issues one through six, appellant contends his plea was involuntary because the trial court failed to properly
admonish him. Specifically, appellant urges his plea was involuntary because the court failed to inquire into the
existence of a plea agreement. According to appellant:

 Because the trial court failed to so inquire, the trial court did not follow the appropriate safeguards to insure either (1)
that [a]ppellant got that for which he bargained, if he in fact had bargained for anything, or (2) that appellant was
explicitly informed that the court would not accept his plea bargain, if there was any, granting appellant the opportunity
to withdraw his plea. Appellant's plea was thus involuntary because he thought he could withdraw his plea if not
satisfied with the sentence, such that he would not have pled guilty if he had known otherwise, [and if the court had
explained] the effect of a plea to the court without the benefit of a plea bargain. 



 Appellant also complains the court failed to inform him in open court that the recommendation of the prosecuting
attorney as well as his own attorney as to punishment was not binding on the court. Appellant submits the omitted
admonishments rendered his plea involuntary under the Texas and United States Constitutions and the Texas Code of
Criminal Procedure. 

 Article 26.13(a)(2) of the code of criminal procedure requires that prior to accepting a plea of guilty or nolo
contendere, a trial court admonish the defendant of:

 The fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided
that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant
and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject
such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the
defendant shall be permitted to withdraw his plea of guilty or nolo contendere. 



Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon Supp. 2001). Substantial compliance with the admonitions under
article 26.13 is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his
plea and that he was misled or harmed by the admonishment of the court. Tex. Code Crim. Proc. Ann. art. 26.13(c)
(Vernon 1989). Even when the admonishment is not in "substantial compliance" with article 26.13, the error is still
subject to a harm analysis under Texas Rule of Appellate Procedure 44.2. High v. State, 964 S.W.2d 637, 638 (Tex.
Crim. App. 1998); Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). In this case, a plea memorandum
appears in the record and contains an exhibit which reflects that appellant was admonished in writing in accordance
with article 26.13 of the Texas Code of Criminal Procedure. The exhibit attached to the memorandum contains two
admonishments that were crossed out. They provided:

 3. The recommendation of the prosecuting attorney as to punishment is not binding on the Court. The Court will
inquire as to the existence of any plea bargain agreements between the State and the defendant and, in the event that
such an agreement exists, then the Court will inform the defendant whether the Court will follow or reject such
agreement in open court and before any finding on the plea. Should the Court reject any such agreement, then the
defendant shall be permitted to withdraw the defendant's plea of nolo contendere.



 4. If the punishment assessed by the Court does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant and the defendant's attorney, then the Trial Court must give its permission to the defendant
before the defendant may prosecute an appeal on any matter in the case except for those matters raised by written
motions filed prior to trial. 

 Appellant essentially complains that by crossing out this language, the court failed to give the necessary
admonishments under article 26.13. Paradoxically, appellant complains of omitted admonishments pertinent to guilty
pleas entered under plea agreements, when the record tends to show, and we have presumed in order to assume
jurisdiction, that appellant entered his plea without the benefit of a plea bargain. The court of criminal appeals has held
that it is harmless error for a court to fail to give an admonishment required under article 26.13(a)(4) that is legally
inapplicable to the defendant. See Cain, 947 S.W.2d at 263-64; Matchett v. State, 941 S.W.2d 922, 929 (Tex. Crim.
App. 1996). Without deciding whether article 26.13(2) is legally applicable to a defendant who pleaded guilty without
a plea agreement, we conclude appellant has failed to show harm. 

 The rules of appellate procedure distinguish between constitutional and non-constitutional errors for purposes of harm
review. For constitutional errors, "the court of appeals must reverse a judgment of conviction or punishment unless the
court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R.
App. P. 44.2(a). For other errors, any error "that does not affect substantial rights must be disregarded. Tex. R. App.
P. 44.2(b). 

 Appellant contends that the trial court's failure to give the aforementioned admonishments rendered his plea
involuntary under the United States and Texas Constitutions. It is well recognized that a challenge to the voluntariness
of a guilty plea is one of constitutional dimension. Meyers v. State, 623 S.W.2d 397, 402 (Tex. Crim. App. [Panel Op.]
1981). A guilty plea passes constitutional muster only when it is both voluntarily and intelligently made. Brady v.
United States, 397 U.S. 742, 747 (1970); Fontenot v. State, 932 S.W.2d 185, 192 (Tex. App.--Fort Worth 1996, no
pet.). The court of criminal appeals has held that the admonishments in article 26.13(a) are not constitutionally
required because their purpose is to aid the trial court in determining whether a guilty plea is knowingly and voluntarily
entered. Carranza v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998) (citation omitted). Consequently, we review
the trial court's actions under rule 44.2(b) and will not reverse unless they affected appellant's substantial rights.
Aguirre-Mata v. State, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999). 

 Based on the exhibit attached to the plea memorandum, which strikes out the admonishments pertinent to plea
bargains, it appears the court and appellant were aware that there was no plea agreement. Indeed, appellant signed and
swore under oath that he read and understood everything in the plea memorandum, including the exhibit, and the
memorandum is signed by the judge. Accordingly, the trial court's failure to inquire into the existence of any plea
agreement did not affect appellant's substantial rights, as both he and the court were aware that no such agreement
existed.

 In Vera v. State, 821 S.W.2d 725, 726 (Tex. App.-Corpus Christi 1991, no pet.), this Court reversed and remanded a
judgment in which the trial court failed to inquire into the existence of a plea agreement. In Vera, the record reflected
the parties had arrived at a plea agreement. Id. Nonetheless, the parties disagreed as to whether probation was a part
of the agreement. Because an explicit inquiry into the existence of an agreement would have resolved the conflicting
accounts about the terms of the plea agreement, we concluded the trial court's failure to so inquire was reversible
error.Id. 

 In this case, the record reflects there was no plea agreement; consequently, there is no dispute over the terms of any
plea agreement.

 Appellant complains that the court's failure to inquire into the existence of a plea agreement caused him harm because,
had he known the court was not obligated to allow him to withdraw his plea in the event he was not satisfied with the
sentence assessed, he would not have entered the plea. Appellant's assertion is unsubstantiated by the record, however,
as he did not attempt to withdraw his plea at any point during the proceedings. We conclude the trial court's failure to
inquire into the existence of any plea agreement did not affect appellant's substantial rights.

 Appellant further maintains his plea was involuntary based on the trial court's failure to instruct him that the
recommendation of the prosecutor or of his own attorney as to punishment was not binding on the court. We are
unable to say that this omission amounted to reversible error. Where there is no plea agreement, an instruction that the
prosecutor's recommendation is not binding on the court is immaterial. Cf. Cain, 947 S.W.2d at 263-64. In
conclusion, the court's crossing out of the admonishments relating to pleas entered with a plea agreement did not
render appellant's open plea of guilty involuntary. Issues one through six are overruled. 

 In issues seven through twelve, appellant maintains his plea was involuntary because his trial counsel provided
ineffective assistance in failing to investigate the case adequately and in failing to interview witnesses sufficiently.
According to appellant, trial counsel was deficient in that he relied exclusively on the State's offense report, and failed
to conduct his own investigation of the case. Appellant further urges his trial counsel was ineffective in failing to
pursue a motion to suppress the cocaine. 

 Both the United States and Texas constitutions afford the criminally accused the right to the assistance of counsel.
U.S. Const. amend VI; Tex. Const. art I, § 10. In Texas, the same standard applies to challenges made under both the
United States constitution and the Texas constitution. Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App.
1986). The criminal defendant's right is not merely to the assistance of counsel, but rather to the reasonably effective
assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984); Ex parte Morrow, 952 S.W.2d 530, 536
(Tex. Crim. App. 1997);Cantu v. State, 993 S.W.2d 712, 717 (Tex. App.--San Antonio 1999, pet. ref'd).

 We apply the two-pronged Strickland test to determine whether representation was so inadequate as to violate
appellant's right to reasonably effective counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
To prevail on a claim of ineffective assistance of counsel, an appellant must show: (1) counsel's performance was
deficient; and (2) the deficient performance prejudiced the defense. See Strickland, 466 U.S. at 687; Thompson, 9
S.W.3d at 812. The burden of proving ineffective assistance of counsel is on the appellant and is one which requires
proof by a preponderance of the evidence. See Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).

 The showing of deficiency, which must affirmatively appear in the record, requires that counsel's performance fell
below an objective standard of reasonableness. See Thompson, 9 S.W.3d at 812-13. We indulge a strong presumption
that counsel's performance fell within the wide range of reasonable professional assistance. See id;Tijerina v. State,
921 S.W.2d 287, 289 (Tex. App.--Corpus Christi 1996, no pet.).

 An appellant must affirmatively prove prejudice with a showing that there is a reasonable probability that, but for
counsel's deficient performance, the outcome of the proceeding would have been different. See Thompson, 9 S.W.3d at
812. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. We conduct
the aforementioned review by looking to the totality of the representation and the particular circumstances of each case.
See id. at 813. 

 Appellant presented a single witness during the hearing on the motion for new trial. The witness did not testify as to
the performance of appellant's trial counsel. The only evidence advanced by appellant in support of his allegation of
deficient representation was his sworn motion for new trial. Appellant signed an affidavit, attached to the motion,
swearing that all of the allegations of fact contained in the motion were true and correct. In his motion, appellant
stated, inter alia, that his trial counsel failed to investigate the facts of the case, failed to interview him and critical
witnesses (without naming any), and failed to examine all physical evidence, including a videotape. According to
appellant, "[a] more thorough investigation would have revealed that either the basis for the traffic stop was not valid,
and/or that the officer did not discover the contraband at issue prior to placing the Defendant under arrest and requiring
him to take a trip to the police station, where the police actually discovered the contraband giving rise to the instant
prosecution. . . . Said failure adversely affected the Defendant because counsel then failed to appropriately file and
litigate a motion to suppress evidence challenging the validity of the aforementioned stop and/or resulting custodial
arrest, which lacked the requisite reasonable suspicion and/or probable cause. . . ." Appellant also stated in his motion
that trial counsel placed him in the position of having to choose between going to trial with an unprepared lawyer or
entering a plea of guilty. Trial counsel "told him that he had better plead guilty right then and there . . . or the jury
would give him 99 years, but that the Court would probably give him either the minimum sentence or a sentence close
to the minimum . . . ." 

 Appellant's trial counsel testified that he went through the State's files and made copies of the contents. Counsel
reviewed the DPS trooper's written report prior to trial. He did not believe he provided appellant with a copy of the
report. He did not need to file a motion for discovery. He did not request the assistance of a court-appointed
investigator; the extent of his investigation was reading the documents provided by the district attorney's office. 

 Counsel testified that the State made several plea offers, which he related to appellant. Appellant rejected the offers.
Counsel did not tell appellant that if he pleaded guilty to the court without a plea agreement, he could expect a sentence
towards the minimum range of punishment. He did tell appellant that if he went before a jury, he would probably get
ninety-nine years. His opinion was based on statistics, which the State introduced into evidence, showing that juries in
Jackson County had a much greater tendency to assess maximum sentences than did judges. Counsel told appellant that
his only real hope for something lenient was to go before the judge. Counsel encouraged appellant to plead guilty.
Counsel testified that he did not see any viable grounds for a motion to suppress to keep the evidence out; he believed
it would be a "slam-dunk" case on guilt and innocence for the prosecutor. Counsel was not afraid to try the case, but
felt the best chance to get less than the maximum punishment was to plead guilty to the court. Appellant had told
counsel repeatedly that he did not want a jury. Counsel was aware that there was a videotape that dealt with extraneous
offenses, but the State agreed not to introduce it with appellant's stipulation of his record. 

 According to counsel, appellant's allegation that the cocaine was not discovered before he was taken to the police
station was inconsistent with the DPS trooper's report. Moreover, appellant never told counsel anything with respect to
the contraband other than what was in the trooper's report. He never told counsel that the contraband was found at the
police station. However, counsel testified that the field testing of the cocaine would probably not have been conducted
until after arrival at the police station, after appellant had been arrested. 

 The trooper's report indicated appellant was stopped for a head lamp violation and speeding, though he was only one
mile over the speed limit. There was also an allegation in the report that appellant did not signal his lane change after
the trooper signaled him to pull over. When asked if appellant ever told him anything that would dispute the facts as
related in the police report, counsel responded, "[h]e may have said he didn't think he was speeding. I'm not real sure."
He did not remember appellant discussing the head lamp. With respect to the propriety of the stop, counsel testified,
"[i]t may appear a little feather legged, but I did not see a way that we could refute either the speeding or the head light
violation or the failure to signal the lane change." When asked if appellant indicated that he did not believe he was
properly stopped, counsel testified, "[i]n some respect, yes. I don't recall exactly . . . , but I think he said he wasn't
speeding." 

 Counsel testified that according to the report, the trooper activated his emergency lights after he observed the speeding
and the head light violation. The failure to signal before making a lane change occurred after the emergency lights
were activated. The report revealed that the trooper told appellant he was going to issue a warning ticket, though the
report did not indicate if, in fact, a warning ticket was issued. Thereafter, the trooper allegedly requested consent to
search. According to the report, the search was conducted pursuant to appellant's consent. Counsel did not believe
appellant ever said that the trooper's report was untrue with respect to his consent. 

 Counsel was aware of a statement allegedly made by appellant on the side of the road. A deputy sheriff testified that
as a trooper was field testing the cocaine they had removed from the car, appellant told the deputy, "I don't know why it
is not heroine." In counsel's opinion there was some evidence of guilt or knowledge of the cocaine, which, in turn, had
an impact on his recommendations to his client. 

 Counsel is not ineffective per se for failing to file a motion to suppress. Ochoa v. State, 717 S.W.2d 174, 175 (Tex.
App.--Houston [1st Dist.] 1986, pet. ref'd). An assertion of ineffective assistance of counsel will be sustained only if
the record affirmatively supports such a claim. Ex parte Ewing, 570 S.W.2d 941, 943 (Tex. Crim. App. 1978); Rivera
v. State, 981 S.W.2d 336, 339 (Tex. App.--Houston [14th Dist.] 1998, no pet.).

 Appellant maintains trial counsel should have filed a motion to suppress on the ground that the cocaine was seized
pursuant to an illegal search. Appellant directs the Court to sections 543.003-.005 of the Texas Transportation Code,
which requires an arresting officer who arrests a person for a traffic violation but does not take them before a
magistrate to issue the person a written notice to appear in court. Tex. Transp. Code Ann. § 543.003 (Vernon Supp.
2001). After delivery of the notice, the officer must promptly release the person from custody. Tex. Transp. Code
Ann. § 543.005 (Vernon Supp. 2001). Because appellant was not released from custody after the officer informed him
that he was going to issue him a warning ticket, appellant contends the cocaine should have been suppressed under the
exclusionary rule in article 38.23 of the Texas Code of Criminal Procedure. 

 In Sedani v. State, 848 S.W.2d 314, 317-18 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd), our sister court examined
the predecessor to these sections of the transportation code and held that evidence seized in connection with an illegal
detention should have been suppressed where an officer arrested an individual for a traffic violation, issued a traffic
citation, but thereafter failed to release him promptly.

 These sections of the transportation code and Sedani are inapplicable to the case at bar. In this case, there was no
testimony that the officer who effected the traffic stop issued appellant a citation or attempted to arrest appellant for a
traffic violation. Rather, the only evidence indicates that the officer advised appellant that he was issuing him a
warning ticket. Sections 543.001-.005 do not address warning tickets. A warning ticket would likely not have
included a notice for the defendant to appear in court. The delivery of the notice to appear in court to the individual is
the statutory trigger for prompt release from custody. See Tex. Transp. Code Ann. § 543.005 (Vernon Supp. 2001).
Accordingly, the record does not affirmatively support this ground for suppression of the cocaine. 

 After informing appellant that he was issuing him a warning ticket, the officer obtained appellant's consent to search.
Though appellant cites case law for the proposition that consent must be voluntary, he does not assert his consent was
involuntary or that the officer exceeded the scope of the search. Consent to search is one of the well-established
exceptions to the constitutional requirements of both a warrant and probable cause. Schneckloth v. Bustamonte, 412
U.S. 218, 219 (1973);Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). 

 Though there is some question whether appellant believed he was speeding, trial counsel did not indicate appellant
disputed that his head lamp was not functioning. Thus, a motion to suppress would not have been properly granted on
the basis that the trooper lacked reasonable suspicion to make the stop. 

 Given the facts of the case, and the lack of evidence regarding the impropriety of the stop or the search, we cannot say
that appellant's trial counsel fell below an objective standard of reasonableness by not moving to suppress the cocaine.
Accordingly, appellant has failed to satisfy the first prong of the Strickland test. 

 We next examine appellant's complaint that his trial counsel inadequately investigated the facts of the case. An
attorney representing a criminal defendant is charged with making an independent investigation of the facts of the case.
McFarland, v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996); Rangel v. State, 972 S.W.2d 827, 837 (Tex.
App.-Corpus Christi 1998, pet. ref'd). As part of this duty, counsel has a responsibility to seek out and interview
potential witnesses. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); Rangel, 972 S.W.2d at 838.
Defense counsel should not, as a matter of course, rely on the veracity either of his client's version of the facts or
witness statements in the State's file. McFarland, 928 S.W.2d at 501. However, the duty to conduct an investigation,
in the wake of Strickland, is not absolute. McFarland, 928 S.W.2d at 501. Under Strickland, an attorney has the duty
"to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."
Id. (citing Strickland, 466 U.S. at 691). We consider an attorney's decision not to investigate, or to limit the scope of
investigation, with a great deal of deference to the attorney's judgment, looking to the reasonableness of the decision in
light of the totality of the circumstances. Id. We will sustain the defendant's challenge only if the consequence of the
failure to investigate is that the only viable defense available to the accused is not advanced, and there is a reasonable
probability that, but for counsel's failure to advance the defense, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694; McFarland, 928 S.W.2d at 501.

 Where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the
determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will
depend on the likelihood that discovery of the evidence would have led the attorney to change his recommendation as
to the plea. Hill v. Lockhart, 474 U.S. 52, 59 (1985). This assessment, in turn, will depend in large part on a
prediction that the evidence likely would have changed the outcome of a trial. Id.

 Here, we conclude appellant has failed to show that there is a reasonable probability that, but for counsel's alleged
deficient performance, the outcome of the proceeding would have been different. Appellant's claim of inadequate
investigation relates principally to the facts underlying the search and seizure. We have concluded that the record does
not affirmatively support a claim that the cocaine should have been suppressed on the grounds that either the search or
the seizure was improper. Appellant fails to make a showing that the uncovering of additional evidence would have led
counsel to make a different recommendation as to appellant's plea. Therefore, even if we were to say counsel's
investigation of the case was inadequate, we could not conclude that had counsel conducted further investigation, it
would have produced a different result. Trial counsel testified that appellant did not want to go before a jury and that
based on the facts of the case, a guilty plea to the court provided the best possibility for receiving less than the
maximum punishment. 

 With respect to appellant's complaint that counsel failed to interview witnesses, appellant has failed to show which, if
any, witnesses counsel should have interviewed or how their testimony would have benefitted his case. Finally, trial
counsel's alleged failure to investigate the videotape did not produce any harm, as the State agreed not to introduce the
tape. We hold appellant failed to establish his claim that his plea was involuntary due to ineffective assistance of
counsel. Issues six through twelve are overruled.

 The judgment of the trial court is AFFIRMED. 

 

NELDA V. RODRIGUEZ

Justice

Publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 7th day of June, 2001.

 

1. For a discussion of the anomalous result of permitting a defendant who has entered an open plea of guilty to
challenge the voluntariness of his appeal, while precluding one who has entered a plea pursuant to a negotiated plea
from making the same challenge, see Cooper v. State, 2001 Tex. Crim. App. LEXIS 25, *16-31, No. 1100-99 (Tex.
Crim. App. April 4, 2001) (Price, J., dissenting). 

2. We note that appellant did not waive his right to appeal the voluntariness of his plea under Helms v. State, 484
S.W.2d 925, 927 (Tex. Crim. App. 1972). The Helmswaiver rule is based on the predicate requirement that the plea
was "voluntarily and understandingly made." Id.; Cantu v. State, 993 S.W.2d 712, 716 (Tex. App.--San Antonio 1999,
pet. ref'd).

 The court of criminal appeals abrogated the Helms rule in Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App.
2000), and held that "whether entered with or without an agreed recommendation of punishment by the State, a valid
plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt
was rendered independent of, and is not supported by, the error." Here, if appellant's plea was involuntary, as he
claims, the judgment of guilt could not have been rendered independent of the error. 

3. The reporter's record supports the notion that, in fact, no plea agreement existed. In a hearing before the trial court,
the State reminded appellant that it had offered to recommend sixteen years, and that if he turned down the offer, it
would be taken off the table and the State would not agree to any plea bargain. More importantly, during the plea
proceeding, the prosecutor recommended that the court give appellant ninety-nine years and a fine from $50,000.00 to
$100,000.00. Appellant, in contrast, asked the court to assess punishment at "the lower end of the range of
punishment." The range of punishment was life or not more than 99 years or less than 15 years, and a fine not to
exceed $250,000. Tex. Health & Safety Code Ann. § 481.112(f) (Vernon Supp. 2001).