Gaudy Lynn COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00105–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 26, 2003.

Decided June 26, 2003.

Mary Ann Rea, Longview, for Appellant.

William M. Jennings, Gregg County Dist. Atty., Andrea M. Thompson, Appellate Asst. Dist. Atty., for State.

Before ROSS, CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

Gaudy Lynn Cox pleaded guilty to the offense of fraudulent use of identifying information. The trial court sentenced Cox to two years' confinement in a state jail facility. The trial court ordered Cox's sentence to run concurrently with Cox's two-year sentence imposed in a prior theft conviction from Harris County.

On appeal, Cox raises the single issue that his guilty plea was not made knowingly and voluntarily. Under this issue, he contends his plea was not knowingly and voluntarily made because the trial court failed to admonish him that any recommendation by the State as to punishment would not be binding on the court in determining his punishment. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp. 2003).

The Texas Code of Criminal Procedure provides that, before accepting a plea of guilty or nolo contendere, the trial court shall admonish the defendant that the recommendation of the prosecuting attorney as to punishment is not binding on the trial court. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2). That statute further provides that the trial court shall inquire as to the existence of any plea agreement, and if such an agreement exists, the trial court shall inform the defendant whether it will follow or reject such agreement, and should the trial court reject it, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere.

Cox appeared before the Honorable Larry Starr and entered his plea of guilty. Cox signed numerous documents in which, among other things, he waived his right to a jury trial, was admonished of the nature of the offense and the range of punishment, and stipulated to the evidence as set out in the indictment. He further acknowledged to the trial court that he was pleading guilty because he was guilty, he was not induced to do so by any promise or agreement or hope of pardon, and he was fully competent and was pleading guilty freely and voluntarily. At all times during the plea proceedings and later at the sentencing hearing, Cox was repre-

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

sented by competent counsel who was present in court at all times.

There was no plea agreement. In fact, Cox and his attorney signed a "Plea Bargaining Form" which was left totally blank, as well as a form titled "Unagreed Punishment Recommendation" which contains the statement, "The State will make a recommendation after the evidence is presented," which has a line drawn partially through it as if meant to be crossed out. The judgment on the plea of guilty has a statement in it reading, "Terms of Plea Bargain: NA."

After accepting Cox's plea and rendering a judgment of guilty, Judge Starr recessed the hearing at Cox's request and set a sentencing hearing for May 24. At that hearing, the Honorable Alvin Khoury heard testimony from Cox and some discussion between the prosecutor and Cox's attorney, and then sentenced Cox to two years' confinement in a state jail facility, and allowed that sentence to run concurrently with a two-year sentence Cox was then serving on a conviction for theft from Harris County. At this same sentencing hearing, the State recommended Cox be sentenced to one year in a state jail facility. The trial court's docket sheet signed at the sentencing hearing recited "Terms of Plea Bargain: None."

Cox contends first that, because he was not admonished that any recommendation from the State as to punishment would not be binding on the trial court, his plea of guilty was not voluntarily and knowingly made.

■■■ Where there is no plea agreement, an admonishment that the prosecutor's recommendation is not binding on the trial court is immaterial. *Cf. Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997); *Castellano v. State,* 49 S.W.3d 566 (Tex. App.-Corpus Christi 2001, no pet.). Moreover, the admonishments required by TEX.

CODE CRIM. PROC. ANN. art. 26.13(a) are not constitutionally required, and the failure to give them is subject to a harm analysis under TEX.R.APP. P. 44.2. *Carranza v. State,* 980 S.W.2d 653, 656 (Tex.Crim.App. 1998); *High v. State,* 964 S.W.2d 637, 638 (Tex.Crim.App.1998); *Castellano v. State,* 49 S.W.3d at 571–72.

■■■ Cox has failed to show that he was misled by the trial court's failure to admonish him about the nonbinding nature of any recommendation by the State, if there was such a failure. The record supports a finding that Cox was aware of the fact that any recommendation by the State was not binding on the trial court. At one point in the colloquy between Judge Khoury and Cox, the trial court said, "Well ... and I'm sure that Judge Starr, in giving you the admonitions, told you there was no agreements [sic] of any kind," and Cox answered, "Yes, Sir." The court continued, "and that it was up to the Judge at the time of sentencing to determine what the proper sentence was." Cox did not object or make any protest in answer to the trial court's comments in that regard.

Additionally, Cox obviously knew the trial court was not bound by any recommendation by the State, because he repeatedly asked Judge Khoury to allow his sentence to run concurrently and to let him go home "as soon as possible." Cox asked the trial court to do these things "if it can be granted." Granting these requests would obviously not be complying with the State's recommendations. In fact, the trial court did allow Cox's sentence to run concurrently as he requested, which was not a part of the State's recommendation. Also, at the sentencing hearing, Cox never claimed that he had a right to withdraw his plea of guilty and never asked the trial court to allow him to do so.

Cox has failed to show harm. We find no reversible error. We affirm the judgment of the trial court.