Affirmed and Memorandum Opinion filed October 14, 2003














Affirmed and
Memorandum Opinion filed October 14, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00828-CR

____________

 

LEROY CANNON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

______________________________________________

 

On Appeal from
the 177th District Court

Harris County, Texas

Trial Court
Cause No. 884,755

 

______________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Leroy Cannon pleaded
guilty to murder, and the trial court sentenced him to twenty-five years’
confinement in the Texas Department of Criminal Justice, Institutional
Division.  Appellant filed a motion for
new trial arguing his guilty plea was involuntary because, based on discussions
with his attorney, appellant allegedly believed that he was assured of deferred
adjudication if he pleaded guilty.  The
trial court denied this motion for new trial. 
On appeal, appellant asserts this was an abuse of discretion.  We affirm.








                              I.  Factual and Procedural Background

            Appellant was charged by indictment
with murder and pleaded guilty without an agreed recommendation from the
prosecutor as to punishment.  There is no
reporter’s record from the original plea hearing; however, the record contains
plea papers, signed and initialed by appellant, that indicate the following: 

(1)       appellant
was admonished that he was subject to a range of punishment that included a
term of life or any term of not more than 99 years or less than 5 years
confinement in the Institutional Division of the Texas Department of Criminal
Justice; 

(2)       appellant was informed as to how the deferred-adjudication
process would work, if the trial court were to place him on deferred
adjudication; 

(3)       appellant agreed that he reads and writes the English
language; 

(4)       appellant wished to waive his right to have a court reporter
make a record of his plea hearing; 

(5)       appellant’s attorney fully discussed with appellant the plea
papers and the consequences of his guilty plea; and 

(6)       appellant understood the admonishments in the plea papers
and was aware of the consequences of his plea, which he made freely and
voluntarily.  

 

In
the plea papers, appellant’s trial counsel and the trial court both verified
that appellant entered his plea knowingly and voluntarily after having
discussed the case with his attorney.  

            After the trial court sentenced him
to twenty-five years’ confinement in the Texas Department of Criminal Justice,
Institutional Division, appellant filed a motion for new trial arguing that his
guilty plea was involuntary.  In the
affidavit in support of his motion for new trial, appellant testified:

            My attorney in this
case was Jim Stafford.  He advised me
that if I wanted probation I would have to plead guilty and have a PSI.  Based on my discussions with Mr. Stafford, I
believed that if I entered a plea of guilty and had a PSI, I would be assured
of a probated sentence.  Mr. Stafford did
not tell me that if I entered a plea of guilty without an agreed
recommendation, the judge was free to assess punishment within the range
provided for in the Texas Penal Code.  If
I had known that I was not assured of probation, and that the judge was free to
sentence me to prison, I would not have entered a plea of guilty.

            I entered a plea of
guilty without understanding the consequences. In particular, I did not
understand the range of punishment available to the judge as a result of my
plea of guilty without an agreed recommendation.  If I had understood the consequences, and the
available range of punishment, I would not have entered a plea of guilty in
this case.  Therefore, when I waived my
right to a jury trial and my right against self-incrimination, I did not do so
knowingly and voluntarily.  My plea of
guilty was involuntary and I ask the Court to permit me to withdraw it.

 

            In the pertinent part of his
affidavit, Mr. Stafford, appellant’s trial attorney at the time of his guilty
plea, contradicted appellant’s testimony, stating:

            I was appointed to
represent Leroy Cannon.  We met at my
office several times and discussed the merits of his case.  We explored our defenses and discussed the
pros and cons of having a jury trial. 
Since Mr. Cannon had two previous felony convictions in the fifties, he
was not eligible to receive probation from a jury.  We discussed pleading guilty to a PSI and
asking the trial court to place him on probation.  I explained and he understood that the only
way he could receive probation in this case would be after a PSI was prepared
and only if the judge thought the facts warranted placing him on
probation.  At no time did I promise him
that the trial court would grant our request. 
Mr. Cannon acknowledged that he understood that the trial court could
send him to prison.  

            We prepared a
sentencing package for the trial court to consider.  I told him that based on what we were
presenting to the Court such as the Complainant’s history of violence, the
Complainant [sic] possessing a pistol at the time of the offense, the
Defendant’s history of no violence, his age, his long history [sic] serving the
community, his ministry and involvement in the church [sic] coupled with all of
the fine character letters, in my opinion, he was worthy to be placed on
probation.  If the trial court didn’t
grant him probation, I told him that I felt based on what we were presenting,
the trial court would probably sentence him [sic] between five and ten
years.  He understood.

            There was no promise
or guarantee made as to what sentence the trial court would assess.

 

Appellant
was not eligible for probation but was eligible for and requested deferred
adjudication at his sentencing hearing. 
Therefore, the references by appellant and his counsel to probation are
presumably references to deferred adjudication.

            After a hearing, the trial court
denied appellant’s motion for new trial. 
The trial judge stated that she was relying on the plea papers and Mr.
Stafford’s affidavit.

                                                    II.  Standard of Review

            We
review the trial court’s denial of appellant’s motion for new trial for an
abuse of discretion.  See Salazar v. State, 38
S.W.3d 141, 148 (Tex. Crim. App. 2001).  In
determining whether the trial court abused its discretion, we consider whether
the court acted without reference to guiding rules and principles.  Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim.
App. 1993).  In so doing, we
consider whether the trial court acted arbitrarily or unreasonably.  Id.  We must
uphold the trial court’s ruling so long as it is “within the zone of reasonable
disagreement.”  Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002). 

                                                    III.  Issues and Analysis

            In his first issue, appellant
asserts that this court has appellate jurisdiction in this case. The State does
not challenge our jurisdiction, and we conclude that we do have
jurisdiction.  The Court of Criminal
Appeals has held that appellate courts lack jurisdiction over a general notice
of appeal filed by a defendant who pleaded guilty in a felony case under a plea
bargain and whose punishment did not exceed the punishment agreed upon in the
plea bargain, even if the defendant challenges the voluntariness
of his plea.  See Cooper v. State, 45 S.W.3d 77, 79–83 (Tex. Crim. App. 2001).  The Cooper
court left open the possibility of such an appeal from a guilty plea without an
agreed recommendation from the prosecutor as to punishment; therefore, Cooper does not affect our jurisdiction
in this case.  See id. at 81 (majority op.), 87 (Price,
J., dissenting).  Furthermore, if we were
to conclude that appellant’s plea was involuntary, as he claims, we could not
find the judgment of guilt was rendered independent of the error.  Therefore, appellant’s guilty plea in this
case did not waive or forfeit his right to appeal and assert that his guilty
plea was involuntary.  See Young v. State, 8 S.W.3d 656, 666–67
(Tex. Crim. App. 2000) (holding that “whether entered
with or without an agreed recommendation of punishment by the State, a valid
plea of guilty or nolo contendere
‘waives’ or forfeits the right to appeal a claim of error only when the
judgment of guilt was rendered independent of, and is not supported by, the
error”); Castellano v. State, 49 S.W.3d 566, 569 (Tex.
App.—Corpus Christi 2001, pet. ref’d) (holding court
of appeals had jurisdiction over general notice of appeal asserting involuntary
guilty plea where appellant pleaded guilty without a plea agreement).  Accordingly, we conclude we have appellate
jurisdiction.  See Young, 8 S.W.3d at 666–67; Castellano, 49
S.W.3d at 569.  

            In his second issue, appellant
asserts the trial court abused its discretion in denying his motion for new
trial because his guilty plea was involuntary. 
The fact that appellant received greater punishment than he expected
does not make his plea involuntary.  See West v. State, 702 S.W.2d 629, 633
(Tex. Crim. App. 1986).  Appellant’s attestation of voluntariness at the original plea hearing imposed a heavy
burden on him at the hearing on his motion for new trial to show a lack of voluntariness.  See Dusenberry
v. State, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d).  Upon
a prima facie showing of voluntariness, the defendant
bears the burden of showing that he entered the plea without knowing its
consequences.  Martinez v. State, 981
S.W.2d 195, 197 (Tex. Crim. App. 1998).  On appeal, we presume the regularity of the
judgment and proceedings in the trial court, and the defendant bears the burden
of overcoming this presumption.  Dusenberry, 915 S.W.2d at 949.

            Appellant testified his attorney
misinformed him by telling him the trial court could not sentence him to prison
if he pleaded guilty and by indicating that he would be assured of deferred
adjudication if he pleaded guilty. 
Appellant’s attorney testified that he did not misinform appellant in
this manner and that appellant understood that the trial court was free to
sentence him to confinement in prison rather than deferred adjudication.  Based on these disputed facts before the
trial court, the trial court did not abuse its discretion by crediting the
testimony of appellant’s attorney rather than appellant’s testimony. See Salazar, 38 S.W.3d at
148–49, Dusenberry,
915 S.W.2d at 951; Fimberg v. State, 922 S.W.2d 205, 208 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d).  The record supports the trial court’s
determination that appellant’s plea was voluntary and that appellant’s counsel
did not misinform him.  Therefore, we
hold that the trial court did not abuse its discretion in denying appellant’s
motion for new trial.  See Dusenberry,
915 S.W.2d at 951; Fimberg, 922 S.W.2d at 208.  Accordingly, we overrule appellant’s second
issue and affirm the trial court’s judgment. 


 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed October
 14, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.

Do Not Publish — Tex.
R. App. P. 47.2(b).