NUMBER 13-06-461-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RANDY RODRIGUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court 

of Victoria County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 This is an appeal from a conviction for aggravated sexual assault of a child. See
Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006). Appellant, Randy Rodriguez,
pleaded guilty to one count of aggravated sexual assault of a child and was sentenced,
pursuant to a plea agreement, to 15 years in the Institutional Division of the Texas
Department of Criminal Justice and fined $1,000. By two issues, appellant contends
that he was denied effective assistance of counsel and that his plea was not freely and
voluntarily given. We affirm.

I. Background

 On the advice of retained counsel, appellant entered into a plea bargain with the
State, under which the State would only pursue one count of aggravated sexual
assault and recommend fifteen years' incarceration and a $1,000 fine. As part of the
plea bargain, appellant waived his right to a jury trial and his right against self-incrimination and entered a plea of guilty. After questioning appellant, the trial court
convicted him of one count of aggravated sexual assault of a child under fourteen
years of age and imposed sentence pursuant to the plea bargain agreement. Appellant
filed a motion for new trial which was denied. The trial court granted appellant
permission to appeal.

II. Ineffective Assistance of Counsel

 Appellant contends, in his second issue, that his retained trial counsel fell below
the standard of effective representation and, therefore, denied him his right to effective
assistance of counsel. We disagree.

A. Standard of Review and Relevant Law

 We review a claim of ineffective assistance by conducting an inquiry as set out
by the Supreme Court in Strickland. Appellant must show that counsel's performance
was deficient and that this deficient performance prejudiced his defense. Strickland
v. Washington, 466 U.S. 668, 687 (1984); Mallet v. State, 65 S.W.3d. 59, 62-63
(Tex. Crim. App. 2001). Judicial scrutiny of counsel's performance must be highly
deferential, making every effort to eliminate the distorting effects of hindsight, and
indulging a strong presumption that counsel's conduct falls within the wide range of
professional assistance. Strickland, 466 U.S. at 695. In order to defeat this strong
presumption of reasonable assistance, any allegations of ineffectiveness must be firmly
founded in the record. Mallet, 65 S.W.3d. at 63. Furthermore, appellant must
affirmatively prove that counsel's unprofessional actions or omissions prejudiced the
defense and that there is a reasonable probability that, without these errors, a different
outcome would have resulted. Strickland, 466 U.S. at 693-94; Mallet, 65 S.W.3d.
at 62-63.

B. Analysis

 Appellant contends that his trial counsel was ineffective because he failed to
prepare for trial or provide the most basic defenses for appellant. Specifically,
appellant asserts that his counsel was ineffective because he: (1) failed to file motions
for discovery, (2) failed to meet with potential witnesses or issue subpoenas, (3) failed
to timely object to the State's notice of intent to use a videotape of testimony of the
victim, (4) failed to view the video testimony in advance of the trial date, (5) failed to
complete items (1) through (4) before announcing ready for trial, (6) told appellant that
the State was offering five years' deferred adjudication, (7) told appellant he could not
view the videotape, (8) told appellant he could not talk to his family before entering
a plea, and (9) told appellant that he was going to jail before trial because either the
district attorney was raising the bond and/or counsel would surrender the bond.

1. Failure to Conduct Discovery

 Counsel has a duty to make reasonable investigations or to make a reasonable
decision that makes particular investigations unnecessary. McFarland v. State, 928
S.W.2d 482, 501 (Tex. Crim. App. 1996), overruled on other grounds, 983 S.W.2d
249, 264 n.18 (Tex. Crim. App. 1998) (citing Strickland, 466 U.S. at 691). Appellant
argues that the lack of any discovery motions is evidence that counsel provided
ineffective assistance. Although counsel testified that he filed no motions in the case,
he noted that discovery motions were unnecessary, since the State had an "open-file"
policy. Furthermore, appellant points to no evidence which his trial counsel should
have discovered through these efforts and which would have otherwise aided his
defense. See Passmore v. State, 617 S.W.2d 682, 685 (Tex. Crim. App. 1981),
overruled on other grounds, Reed v. State, 744 S.W.2d 112, 125 (Tex. Crim. App.
1988) (noting that there was no support in the record of the evidence that defendant
claimed should have been discovered by the motion, and no showing of what type of
informal discovery occurred).

2. Failure to Meet or Subpoena Witnesses

 In order to have a firm command of the facts of his client's case, counsel has
a responsibility to seek out and interview potential witnesses. See Ex parte Welborn,
785 S.W.2d 391, 394 (Tex. Crim. App. 1990) (en banc). Counsel's failure to seek
out and interview potential witnesses, where the consequence is that the only defense
available to the defendant is neglected, constitutes ineffective assistance of counsel. 
Henson v. State, 915 S.W.2d 186, 196 (Tex. App.-Corpus Christi 1996, no pet.). 
However, an attorney's failure to present witnesses will not support an ineffective
assistance claim if the defendant fails to show that the witnesses were available and
their testimony would have benefitted the defendant. Ex parte McFarland, 163
S.W.3d 743, 748 n.48 (Tex. Crim. App. 2005).

 Appellant contends that his trial counsel failed to subpoena or meet with any
potential witnesses and thus provided ineffective assistance. Appellant argues that
counsel should have subpoenaed Jason and Esther Sandoval who would purportedly
have testified as to similar, unfounded threats that the outcry witness's mother made
against Jason Sandoval in the past. Appellant also argues that counsel should have
subpoenaed the CPS workers who investigated the child-neglect reports he made
against the outcry witness shortly before these charges of sexual assault were brought
against him.

 Although trial counsel testified at the hearing on the motion for new trial that
he did not subpoena any witnesses, he explained that appellant had provided names
of only character witnesses, not witnesses who could testify as to the actual incident. 
Appellant also failed to identify the potential CPS workers and failed to present
evidence that any of the witnesses were available to testify or that their testimony
might have aided his defense. Id.

 In order to rebut the strong presumption that counsel provided reasonable
professional assistance, appellant is required to prove any such failure by a
preponderance of the evidence. Castellano v. State, 49 S.W.3d 566, 573 (Tex.
App.-Corpus Christi 2001, pet. ref'd). Appellant's uncorroborated testimony fails to
satisfy this standard. See Rangel v. State, 972 S.W.2d 827, 838 (Tex. App.-Corpus
Christi 1998, pet. ref'd) (noting that the record failed to establish the availability of
beneficial witnesses without supporting affidavits, which were excluded because not
timely filed).

3. Failure to Suppress Videotaped Testimony

 Appellant argues that trial counsel's failure to object to the untimely notice of
intent to use the videotaped testimony of the victim also demonstrated ineffective
assistance of counsel. However, appellant fails to show that counsel's failure to
suppress the videotaped testimony was deficient and prejudicial performance on his
part. See Strickland, 466 U.S. at 693-94; Mallet, 65 S.W.3d. at 62-63. When the
record is silent on trial counsel's motives, an appellant cannot ordinarily overcome the
strong presumption that counsel's conduct was reasonable. Mallet, 65 S.W.3d. at 63. 
It is entirely possible that the lack of any motion to suppress the videotaped testimony
reflected sound trial strategy to avoid compelling personal testimony of the child victim
that might have been given at trial. See id. at 68 (noting that each alleged deficiency
of counsel could have been an exercise of reasonable professional judgment.)

4. Failure to View Video Testimony

 Appellant also argues that his trial counsel provided ineffective assistance by
failing to view the videotaped testimony well in advance of the trial date. This
contention is in conflict with counsel's testimony that he did view the videotape. 
However, even if appellant were to establish that counsel did not view the videotape
before trial, appellant still failed to show how this alleged error in his counsel's
performance would have prejudiced the outcome of the case. See Strickland, 466
U.S. at 693-94; Mallet, 65 S.W.3d. at 62-63. Appellant concedes that counsel
viewed the video testimony before the pretrial hearing. Therefore, his trial counsel
was fully informed of its content and persuasive value when he advised his client to
accept the plea. Furthermore, counsel would have been aware of its content and
probative value should appellant have chosen to go to trial. Because appellant fails to
establish the prejudice element of the Strickland test, we need not address the
deficient assistance element. See Strickland, 466 U.S. at 697.

5. Announcing Ready for Trial without being Prepared

 Appellant argues that his counsel's announcement of "ready" for trial at two
previous hearings represents evidence of ineffective assistance. Again, however, this
allegation is contradicted by counsel's testimony that he was ready to go forward with
the trial in both instances. Absent some evidence of unpreparedness firmly founded
in the record, which we are unable to find, appellant has not carried his burden of
proof on this allegation. See Mallet, 65 S.W.3d. at 63; Castellano, 49 S.W.3d at 573.

6. Plea Offer

 Appellant further asserts that his trial counsel provided ineffective assistance
by holding out a plea bargain offer of five years' deferred adjudication only to tell
appellant, directly before the pre-trial hearing, that the State had withdrawn this offer
and was now offering fifteen years' incarceration. Appellant claims that counsel told
him that he must accept this offer immediately or, as appellant relates: "you're going
to get two counts, five to 99, you'll never be able to get out." Appellant's mother and
sister both testified at the hearing that counsel had told them about the State's alleged
five-year offer of probation. Trial counsel disputed this allegation denying that he told
appellant that the State was offering five years' deferred adjudication.

 Even assuming that counsel had previously told appellant the State was offering
a plea bargain of five years' deferred adjudication and that he should now accept the
current offer of fifteen years or he would face a much longer sentence, appellant fails
to show how this prejudiced the outcome of the case. See Strickland, 466 U.S. at
693-94. In order to succeed on a claim of ineffective assistance, appellant must prove
that, without his counsel's error, there is a reasonable probability that a different
outcome would have resulted. See id. at 694.

 Appellant's own testimony states that he rejected the alleged offer of five years'
probation before counsel could even ask him about it. Furthermore, the record reflects
that appellant entered the plea fully aware of the terms of the actual plea bargain. 
Appellant testified that counsel coerced him to entering a plea by "scaring" him with
the possibility that, if he did not accept the plea bargain, he would face life in prison. 
There is no evidence that such advice constituted ineffective assistance of counsel. 
The risks which counsel relayed were real, since the statute clearly provided five to 99
years or life in prison for each count alleged. See Tex. Pen. Code Ann. § 22.021
(Vernon Supp. 2006); cf. Ex parte Battle, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991)
(en banc) (finding counsel provided ineffective assistance where he failed to advise his
client that he was ineligible for probation). The record also reflects appellant's
testimony before the court that he was voluntarily pleading guilty because he was, in
fact, guilty and that he was satisfied with the services of his counsel. We find nothing
in the record to contradict these sworn statements.

7. Refusing Access to the Video Testimony

 Appellant claims that he asked to see the video testimony of the victim before
he entered his plea and counsel refused because it was "too graphic." However, trial
counsel's testimony contradicts this allegation. Counsel testified that he never refused
to show the video testimony to appellant and that he had previously asked appellant
if he wished to see the video and appellant had declined. Appellant argues that
counsel's refusal to permit him to view the video testimony of the victim constitutes
ineffective assistance of counsel. However, appellant points to nothing in the record,
besides his own testimony, which supports his allegation. Therefore, appellant fails
to satisfy his burden of proof on the defective assistance element of the Strickland
test. See Mallet, 65 S.W.3d. at 63; Castellano, 49 S.W.3d at 573.

8. Refusing Access to Appellant's Family

 In addition, appellant contends that counsel provided ineffective assistance
when he refused to allow appellant to talk with his family before entering his guilty
plea. Appellant's own testimony contradicts this allegation. Appellant testified that
he was not able to call his mother before entering his plea, but counsel let appellant
borrow his phone for that purpose. Appellant clearly fails to satisfy his burden of proof
on the defective assistance element of the Strickland test in this allegation as well, see
Mallet, 65 S.W.3d. at 63; Castellano, 49 S.W.3d at 573, since appellant points to no
further evidence of this in the record and even his own testimony appears to contradict
his claim.

9. Conflict of Interest as Appellant's Bondsman

 Finally, appellant argues that counsel represented conflicting interests as
appellant's bondsman and attorney. Appellant claims the conflict adversely affected
counsel's performance as appellant's attorney when he chose to protect his interest
as surety on appellant's bond at the expense of appellant's freedom. Appellant
contends that, since counsel was unprepared for trial, it was crucial that appellant be
able to help prepare his defense. Therefore, counsel's threat to surrender his bond if
he did not plead guilty injured appellant's right to a fair trial.

 We review a claim that counsel rendered ineffective assistance due to a conflict
of interests by determining whether counsel "actually represented conflicting interests"
and "an actual conflict of interest adversely affected his lawyer's performance." 
Strickland, 466 U.S. at 692 (citing Cuyler v. Sullivan, 446 U.S. 335, 345-50 (1980));
Ex parte Morrow, 952 S.W.2d 530, 538 (Tex. Crim. App. 1997). In such an instance,
prejudice is presumed. Id. Acting as surety on appellant's bond does not create a
conflict of interest per se, so we must look to the record to determine if such a conflict
exists. See Akridge v. State, 13 S.W.3d 808, 810 (Tex. App.-Beaumont 2000, no
pet.); see also Tex. Occ. Code Ann. § 1704.163 (Vernon Supp. 2006) (providing that
an attorney is exempt from the bail bond license requirements if he executes the bond
in the course of representing the principal).

 Appellant testified that counsel told him "If you don't sign today you're going
to jail, no matter what." Counsel testified that he told appellant that he was prepared
to go to trial, but if appellant wished to go to trial "he may well have to await trial in
custody so that I would assure that he would be at the trial." Even if counsel stated
he would surrender appellant's bond if he did not plea, thus, arguably establishing that 
counsel actually represented conflicting interests, appellant did not establish that the
alleged conflict of interest adversely affected counsel's performance. See Strickland,
466 U.S. at 692. Appellant has not proven that counsel was unprepared for trial, as
he now contends. Therefore, appellant has not established that counsel rendered
ineffective assistance due to a conflict of interests.

 Accordingly, appellant has failed to show, in any of his ineffective-assistance
allegations, that counsel's performance was deficient and that this deficient
performance, if any, prejudiced his defense. See id. at 687; Mallet, 65 S.W.3d. at 62-63. We, therefore, overrule appellant's second issue.

III. Involuntary Plea

 In his first issue, appellant argues that his plea was invalid since it was not
freely and voluntarily given. We disagree.

A. Standard of Review and Relevant Law

 We review the claim that a plea was involuntary by weighing the totality of the
circumstances in light of the entire record. Ramirez v. State, 89 S.W.3d 222, 229
(Tex. App.-Corpus Christi 2002, no pet.). Proper admonishment by the trial court
creates a prima facie showing that a guilty plea was made knowingly and voluntarily. 
Crawford v. State, 890 S.W.2d 941, 944 (Tex. App.-San Antonio 1997, no pet.). 
Furthermore, if the record shows that a defendant demonstrated at the plea hearing
an understanding of the consequences of the plea, a heavy burden is placed on the
defendant to later show a lack of voluntariness. Ramirez, 89 S.W.3d at 229 (citing
Solomon v. State, 39 S.W.3d 704, 707 (Tex. App.-Corpus Christi 2001, no pet.)).

B. Analysis

 Appellant contends that his plea was made involuntarily, arguing that his
counsel used his role as appellee's bondsman to coerce him into accepting a plea. This
claim actually raises the ineffective assistance of counsel claim, which we have
addressed. Moreover, as set out above, §the record reflects that appellant testified
before the court that he was voluntarily pleading guilty because he was, in fact, guilty
and that he was satisfied with the services of his counsel. There is nothing in the
record to contradict these sworn statements. Weighing the totality of the
circumstances, in light of the entire record, we cannot conclude appellant's plea was
made involuntarily. Ramirez, 89 S.W.3d at 229; Crawford, 890 S.W.2d at 944. We
overrule appellant's first issue.

 IV. Conclusion

 Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 26th day of July, 2007.