**Robert Ross LUNSFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–079 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Feb. 1, 1995.

Decided March 29, 1995.

Peter Speers, III, The Woodlands, for appellant.

John S. Holleman, Dist. Atty., Livingston, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

In a single indictment containing three counts, appellant was charged with having committed the felony offenses of Indecency With a Child (Counts I and II), and Aggravated Sexual Assault (Count III). A jury was selected and appellant pleaded guilty to the two counts of Indecency With a Child, but pleaded not guilty to the charge of Aggravated Sexual Assault. On each of the Indecency counts, appellant was assessed a sentence of seven (7) years' confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $5000. The jury found appellant guilty of Aggravated Sexual Assault and assessed his punishment at forty-five (45) years' confinement in the TDCJID, and a fine of $10,000. Appellant raises two points of error on appeal, *viz:*

> Point of Error One: Appellant' (sic) convictions for Indecency With a Child should be reversed because the trial court failed to admonish appellant in accordance with the mandatory requirements of art. 26.13 V.A.C.C.P.

> Point of Error Two: The trial court erred in failing to sua sponte declare a mistrial when the prosecutor, in the guilt innocence (sic) phase, asked the victim what he wanted to do to appellant.

We reproduce the portions of TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 & Vernon Supp.1995) relevant to the instant appeal as follows:

> (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

> (1) the range of the punishment attached to the offense;

> \*　　\*　　\*　　\*　　\*　　\*

> (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this coun-

try, or the denial of naturalization under federal law.

> (b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

> (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

> (d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

> (e) Before accepting a plea of guilty or a plea of nolo contendere, the court shall inquire as to whether a victim impact statement has been returned to the attorney representing the state and ask for a copy of the statement if one has been returned.

 Appellant contends under his first point of error that the trial court completely failed to admonish him under any of the provisions of Article 26.13. The State's brief refers us to volume III of the statement of facts, pages 3 and 4. The following contains the proceedings from volume III, pages 2 through 4 of the statement of facts reproduced in its entirety:

*MORNING SESSION*
*GUILT–INNOCENCE*
*STATE'S CASE IN CHIEF*

(The following discussion took place out of the presence of the jury:)

The Court: The State of Texas versus Robert Ross Lunsford.

(Trial Counsel): I would like to put some things on the record. Do we need to put

in the record about the motion for mistrial?

The Court: Yes.

(Trial Counsel): It was pointed out in chambers to the Judge that two of the jurors saw the defendant arrive at the Courthouse in a police car and saw him and I made a motion for mistrial on that basis.

The Court: Is that all you have on the motion?

(Trial Counsel): Yes.

The Court: Denied.

(Trial Counsel): Now, then, Robby, come here a second. I have explained to you what the consequences of all of your legal defenses are. If you are found guilty of aggravated sexual assault of a child, the sentence is 20 years to life?

Mr. Lunsford: Yes.

(Trial Counsel): That if your were found guilty of the charges of indecency with a child, it's probation to 20 years?

Mr. Lunsford: Yes, sir.

(Trial Counsel): What the D.A. has offered to the aggravated charges and to offer you a plea of 20 years for the misdemeanor charges?

Mr. Lunsford: Yes.

(Trial Counsel): Do you understand I've offered you those?

Mr. Lunsford: Yes.

(Trial Counsel): You've rejected them?

Mr. Lunsford: Correct.

(Trial Counsel): You understand the consequences if the jury should find you guilty, there's a possibility you can go to jail for life?

Mr. Lunsford: Yes.

(Trial Counsel): You still wish to reject the plea?

Mr. Lunsford: Yes, sir.

The Court: There are two errors in your statement. First of all, the aggravated sexual assault is no less than 5 years, no less than 5 years up to a maximum of 99 years or life and those other two charges are felonies, not misdemeanor.

Mr. Lunsford: Second degree felonies.

The Court: You understand all of that?

Mr. Lunsford: Yes.

The Court: You're telling the Court you wish to proceed with this trial and enter a plea of not guilty to the aggravated sexual assault?

Mr. Lunsford: Yes.

The Court: All right. Bring them in.

(Jury is in the jury box)

The record before us then reflects that appellant pleaded guilty to the two Indecency counts without benefit of a plea bargain agreement between him and the State. By no stretch of the imagination could the above be considered to be in substantial compliance with the admonitions required by Article 26.13 when a defendant enters a guilty plea. The only actual punishment range mentioned by the trial court concerns the aggravated sexual assault count and appellant pleaded *not guilty* to that count. We find that the trial court totally failed to admonish appellant with regard to his guilty plea to both counts of Indecency With a Child. In *Morales v. State,* 872 S.W.2d 753, 754 (Tex.Crim. App.1994), the Court of Criminal Appeals reiterated their position on the consequences when a trial court totally fails to comply with Article 26.13 as follows:

> In *Ex parte McAtee,* 599 S.W.2d 335 ([Tex.Cr.App.]1980), the defendant contended the trial judge failed to admonish him, under art. 26.13(a). We held that "[a] total failure of the trial court to admonish the defendant concerning the range of punishment is reversible error, without regard to whether the defendant was harmed. *Id.* We reasoned:
>
> > ... that where the record indicates that the defendant has received an admonishment with respect to punishment, although not a complete one, there is a *prima facie* showing of a knowing and voluntary plea of guilty.... Where there is a *total failure* to admonish concerning punishment, however, there is no *prima facie* showing; the defendant has received no warning whatsoever as to the punishment that is liable to be assessed. In such a case the danger of the defendant entering an unknowing

and involuntary plea is so great that no specific harm need be shown. (emphasis in original)

 In the instant case, after a diligent search of the record before us, we can find neither oral nor written admonishments in even partial compliance with any of the provisions of Article 26.13. Furthermore, there is no procedural impediment to raising this issue with this Court as the failure by a trial court to give Article 26.13 admonishments may be raised by a defendant for the first time on appeal. *Vera v. State*, 821 S.W.2d 725 (Tex.App.—Corpus Christi 1991, no pet.). For all of the reasons previously stated, appellant's first point of error is sustained.

Under his second point of error, appellant candidly admits that trial counsel failed to object to the portion of the victim's direct examination testimony in question. The record before us reflects the following brief, unobjected to exchange took place as the State questioned the victim:

Q. (State) Is there anything you would like to do to Robby because of what he's done to you?

A. (victim) Yes.

Q. What do you want to do?

A. Kill him.

Appellant correctly points out that this exchange took place during the guilt/innocence phase of the trial so as to preclude its admissibility under a "victim impact" theory for punishment phase evidence. Because the testimony was not objected to by trial counsel, appellate counsel requests this Court to address the issue "as fundamental error under Rule 103(d)."[1] Appellant, however, makes no attempt to supply cases discussing situations in which courts have found the same or similar testimony to have been fundamentally erroneous, or to have caused egregious harm to a defendant. As such, we decline to accept appellant's request, and find that this issue was not properly preserved for appellate review absent objection at trial. TEX.R.APP.P. 52(a). Point of error two is overruled.

As we have sustained appellant's first point of error, the portion of the judgment and sentence with regard to Indecency With a Child (Counts I and II) is reversed and remanded to the trial court. The portion of the judgment and sentence with regard to Aggravated Sexual Assault (Count III) is affirmed.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

1. TEX.R.CRIM.EVID. 103(d) provides: **"Fundamental error.** Nothing in these rules precludes taking notice of fundamental errors affecting sub- stantial rights although they were not brought to the attention of the court."