In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00104-CR
______________________________


MICHAEL SANDERS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20576


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            After Lamar County jailers told inmate Michael Sanders he was wrong in concluding he had
received no milk with his breakfast, Sanders became furious, beat on the walls of his cell, and
ultimately threw urine and feces on three officers who were attempting to get him under control.


 
A jury convicted Sanders of three offenses


 of harassment by a person in a correctional facility, with
one prior conviction. The jury assessed Sanders' punishment for each of the three offenses at fifteen
years' imprisonment. The trial court ordered those sentences to run concurrently and then stacked
them onto the sentence Sanders was already serving.
            Sanders urges multiple points of error. We affirm the trial court's judgment because
(1)  sufficient  evidence  supports  the  implicit  jury  finding  of  Sanders'  criminal  intent; (2) during
voir dire, the State was not erroneously allowed to present Sanders' criminal history to the panel;
(3) allowing the victim to testify concerning his own medical diagnosis was not error; and (4) error
in allowing victim impact testimony during the guilt/innocence phase was not preserved.
(1)       Sufficient Evidence Supports the Implicit Jury Finding of Sanders' Criminal Intent
            Sanders first contends there is legally and factually insufficient evidence to support the
verdict because the State did not prove Sanders intended to harass, alarm, or annoy the officers
involved. Sanders asserts the evidence shows his intentions were focused, instead, on either the
trustees or another inmate.
            In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing the factual sufficiency of the evidence, we are required to determine
whether, considering all the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).
            To establish the offense of harassment by a person in a correctional facility, the State was
obliged to prove that Sanders,
(a) . . . with the intent to assault, harass, or alarm, . . .
 (1) while imprisoned or confined in a correctional or detention facility, cause[d]
another person to contact the . . . saliva, urine, or feces of the actor . . . .

See Tex. Pen. Code Ann. § 22.11 (Vernon Supp. 2005).

            Sanders contends the evidence is insufficient because there is a lack of proof of his intent to
"assault, harass, or alarm" the jail staff. Sanders testified that he originally saved the feces and urine
in a cup to harass the inmate in the adjoining cell, and that he instigated the disturbance to make it
hard on the trustees. He further testified that he threw the mixture out the "bean hole" to stop
officers from using the pepper spray, and his counsel notes the "bean hole" is approximately the
width of two cafeteria trays, narrow enough to prevent Sanders from clearly seeing on whom he was
throwing the substances. The argument raised from that evidence is that he could not have
formulated the intent to harass the officers, because he threw the materials out of his cell without
knowing who would be hit, and that the only evidence of intent was that he intended to harass a
fellow inmate or the trustees.
            We find this argument unpersuasive. First, we note that neither the statute nor the indictment
required the State to prove that Sanders' intent to harass was directed at any officer. By his own
admission, Sanders intended to harass someone, namely the trustees or a fellow inmate. That, alone,
was sufficient proof of his intent. Also, Sanders' contentious, disruptive behavior, which continued
or returned even after multiple warnings, was such that he would be fully aware that officers would
eventually arrive to calm the situation. The jury could also conclude Sanders knew the pepper spray,
which had been sprayed into his cell just before he threw the offending substances out of his cell,
was unlikely to have been used by fellow inmates or trustees, but by officers alone.
            The scene, as it unfolded, also dooms Sanders' argument to failure. The trustees first cleared
the feces and urine away from the door, and an officer then sprayed pepper spray through the "bean
hole." Officer Foster testified that he could see Sanders through the hole and that Sanders left the
entry and then came back with the cup, stuck his arm out to about the elbow, and threw the urine and
feces on the officers, hitting Foster in the face. Foster testified that Halton had the mixture on her
back and in her hair and that Jimenez had it on her glasses, face, and uniform. Halton and Jimenez
testified consistently to the same sequence of events.
            Intent may be directly proven, or it may be inferred from circumstantial evidence such as acts,
words, and the conduct of an appellant. Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App.
2004). The evidence set out above directly shows Sanders' intent to throw the malodorous and
dangerous substances on the officers, or at least on someone.
            There is both legally and factually sufficient evidence to allow a rational fact-finder to find
Sanders guilty, and the contrary evidence is not strong enough that the State could not have met its
burden of proof. See Zuniga, 144 S.W.3d at 484–85. We overrule these assertions of error.
(2)       During Voir Dire, the State Was Not Erroneously Allowed To Present Sanders' Criminal
History to the Panel
            Sanders next contends the trial court committed reversible error by allowing the State to
present Sanders' criminal history to the jury during voir dire. Specifically, he argues that, even
though the State may voir dire the jury in hypothetical terms about the applicable range of
punishment if prior convictions are proven for enhancement, the State went beyond hypotheticals
and informed the panel that Sanders was a convicted felon. See Frausto v. State, 642 S.W.2d 506,
509  (Tex.  Crim.  App.  [Panel  Op.]  1982);  Johnson  v.  State,  901  S.W.2d  525,  532  (Tex.
App.—El Paso 1995, pet. ref'd).
            We have reviewed the language used by the State during voir dire. The State asked the
panelists if they were "okay . . . with the prospect that we are holding a person's past against them
to enhance the penalty range?" This does not inform the panel that Sanders was a convicted felon,
the nature of any earlier crime, or provide specific information about the enhancements that would
be sought. In light of the fact that the State was entitled to voir dire the panel on the full range of
potential punishment, we find no error here.
(3)       Allowing the Victim To Testify Concerning His Own Medical Diagnosis Was Not Error
            Sanders next contends the trial court erred by allowing Officer Foster to testify about his own
medical diagnosis. Foster testified, over objection, that after this incident, he was tested for H.I.V.
and hepatitis, and that he was diagnosed with acute hepatitis B. He also testified he had been tested
six months earlier and did not have the disease at that time. 
            There is little argument under this contention. Sanders suggests Foster was not an expert and
could not testify as a lay witness. But Foster did not testify as an expert: he testified about his
personal knowledge of the illness he had been diagnosed as having.
            Sanders complains about the following testimony:
            [THE STATE]: Did those tests coming [sic] back?
            [WITNESS FOSTER]: Yes, sir.
            [THE STATE]: What were the results?
            [DEFENSE COUNSEL]: Objection, Your Honor, no foundation.
            [THE STATE]: What was the diagnosis?
            [WITNESS FOSTER]: The doctor's diagnosis?
            [COURT]: Hold on. You may ask him what the diagnosis was.
            [THE STATE]: What was the diagnosis on the hepatitis?
            [WITNESS FOSTER]: Hepatitis B, acute.
            On appeal, Sanders notes that he had objected based on lack of foundation, but then goes on
to complain that, because Foster was not a qualified expert, he could not provide evidence of
causation and that no showing of relevance or reliability was made. The only one of these
contentions that was adequately preserved is the objection actually made, that there was no
foundation to admit the test results. See Tex. R. App. P. 33.1. Arguably, that extends far enough to
also cover the trial court's statement that the medical diagnosis could be admitted over that objection.
            A witness may testify to that of which he or she has personal knowledge. See Tex. R. Evid.
602. In this case, the testimony shows that Foster had knowledge of his own medical history, and
the court did not err by overruling the objection. We overrule this contention of error.








 
(4)       Error in Allowing Victim-Impact Testimony During Guilt/Innocence Phase Was Not
Preserved
            Sanders contends it was error


 to permit victim impact testimony during the guilt/innocence
phase of trial. This argument is based on Foster's testimony, set out above, concerning his
contracting hepatitis. Sanders' trial counsel did not object on this basis, thus the claimed error is
waived. See Tex. R. App. P. 33.1.
            Generally, a party's failure to timely and specifically object at the trial court level waives
error. Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). An accused may waive even
constitutional rights. Saldano v. State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).
            But Sanders also contends that this is a fundamental error as contemplated by Rule 103(d)
of the Texas Rules of Evidence and that, thus, we should review the matter in the interest of justice.
Rule 103(d) authorizes us in a criminal case to take "notice of fundamental errors affecting
substantial rights although they were not brought to the attention of the court." See Tex. R. Evid.
103(d). Fundamental errors exist when rights are violated that are considered so fundamental to the
proper functioning of our adjudicatory process that they cannot be forfeited—they are not
extinguished by inaction alone. Blue, 41 S.W.3d at 131. Instead, for an accused to lose a
fundamental right, he or she must expressly relinquish that right. Id.; Nunez v. State, 117 S.W.3d
309, 319 (Tex. App.—Corpus Christi 2003, no pet.).
            Sanders has not set out any argument to suggest error other than his contention that this
testimony constitutes inadmissible "victim impact evidence." He also makes no attempt to supply
cases discussing situations in which courts have found the same or similar testimony to have been
fundamentally erroneous. That of itself provides inadequate briefing on this topic to justify review. 
See generally Tex. R. App. P. 38; Lunsford v. State, 896 S.W.2d 394, 397 (Tex. App.—Beaumont
1995, no pet.) (failure to preserve and provide argument about victim impact testimony at
guilt/innocence phase of trial).
            Fundamental errors that survive the failure to object timely were either absolute, systemic
requirements, or rights that were waivable only. Saldano, 70 S.W.3d at 887–88. Error in admitting
evidence, even if constitutional rights are implicated, is neither systemic nor waivable only, and thus
is not fundamental. Id. at 889. Since this claimed error has to do solely with the admissibility of
evidence, and no argument is presented that would arguably move it into a category of being either
waivable only or an absolute systemic requirement, we overrule this contention of error.
 
 
 
 
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 6, 2005
Date Decided:             January 5, 2006

Do Not Publish