NUMBER 13-06-335-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

SAMUEL RODRIGUEZ, Appellant, 


 

v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 103rd District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 On April 10, 2006, appellant, Samuel Rodriguez, pleaded nolo contendere to the
charges of (1) intentionally or knowingly entering a habitation, without the owner's effective
consent, and attempting or committing assault against an individual 65 years of age or
older, and (2) recklessly causing bodily injury to the owner, who was an individual 65 years
of age or older. Tex. Penal Code Ann. § 30.02(a)(3), (c)(2) (Vernon 2003) (second-degree
felony); id. § 22.04(a)(1), (f) (Vernon Supp. 2007) (state jail felony). He also pleaded "true"
to an enhancement for a prior felony conviction for burglary of a building. Id. § 12.42(b)
(Vernon Supp 2007). The trial court found Rodriguez guilty and sentenced him to twenty
years' imprisonment. (1)

 By three issues, Rodriguez argues that (1) the trial court interposed itself into a
sentencing agreement with the State; (2) the trial court's admonishments were inadequate;
and (3) the evidence to support the enhancement was factually and legally insufficient. We
affirm. 

I. Background

 Rodriguez is married to Manuela Rodriguez. Manuela's mother is Maria Ortega. 
While Manuela was visiting Ortega at Ortega's home, Rodriguez attempted to enter the
residence. When Ortega refused to allow him inside, Rodriguez broke down the front door. 
He then began beating Manuela and asking for money. When Ortega attempted to stop
the assault, Rodriguez assaulted Ortega, causing injury to her hand by striking it with his
own hand. 

 On March 8, 2006, Rodriguez was indicted. The indictment contained three counts. 
The first count alleged that Rodriguez intentionally or knowingly entered Ortega's
habitation, without her consent, and attempted or committed the felony offense of
aggravated assault of Manuela. In count two, the State alleged that Rodriguez intentionally
or knowingly entered Ortega's habitation, without her consent, and attempted or committed
the felony offense of assault of Ortega. In count three, the State alleged that Rodriguez
recklessly caused bodily injury to Ortega, an individual 65 years of age or older, by striking
her on her hand with his hand. The indictment further alleged an enhancement count for
a prior conviction of felony offense of burglary of a building. Rodriguez executed a written
waiver and consent to stipulation of testimony, waiver of jury, and plea of nolo contendere
to counts two and three. The plea was a "cold plea" to counts two and three. Rodriguez
also pleaded "true" to the enhancement paragraph. 

 On April 10, 2006, the trial court held a hearing on the pleas. The court advised
Rodriguez that count two, with the enhancement, carried a punishment range of five to
ninety-nine years. See id. § 30.02(a)(3), (c)(2) (burglary is a second-degree felony); id. §
12.42(b) (enhancing second-degree felony to first-degree felony); id. § 12.32(a) (Vernon
2003) (first-degree felony carries a punishment range five to ninety-nine years). The court
further advised Rodriguez that count three, to which the enhancement did not apply,
carried a punishment range of 180 days to two years in state jail. See id. § 22.04(a)(1), (f)
(assault of elderly is a state jail felony); id. § 12.35(a)(Vernon Supp. 2007). Each count
also carried a fine of up to $10,000. Id. §§ 12.35(b), 12.32(b). 

 Rodriguez pleaded nolo contendere to counts two and three and "true" to the
enhancement. After hearing all the evidence, the court found Rodriguez guilty and that the
enhancement was "true." (2) On April 28, 2006, after a pre-sentence investigation report was
issued, the trial court held a sentencing hearing. At the sentencing hearing, the court
inquired into two other pending retaliation cases. The State advised the court that if
Rodriguez was given at least twenty years' imprisonment in the present case, the State
would consider the other two cases unadjudicated and dismissed. Rodriguez was
sentenced to twenty years' imprisonment in the Texas Department of Criminal Justice. The
judgment does not specify how much of this sentence was attributed to each offense;
rather, the punishment was assessed as a sum total for both offenses. The court certified
that the case was not a plea-bargain case and that Rodriguez had a right to appeal. 
Rodriguez filed his notice of appeal. (3)

II. Sentencing

A. Trial Court in a Plea Bargain Agreement 

 Rodriguez first argues that the trial court improperly participated in a plea bargain
with the State. A plea bargain is usually defined as follows: 

 "Plea bargaining is a process which implies a preconviction bargain between
the State and the accused whereby the accused agrees to plead guilty or
nolo contendere in exchange for a reduction in the charge, a promise of
sentencing leniency, a promise of a recommendation for the prosecutor to
the trial judge as to punishment or some other concession by the prosecutor
that he will not seek to have the trial judge invoke his full maximum
implementation of the conviction and sentencing authority he has." 

 

Perkins v. Third Court of Appeals at Austin, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) 
(quoting Milton Heuman, Plea Bargaining (1978 edition)). Trial judges in the federal
system are expressly prohibited from participating in pre-plea discussions, including any
discussion or indication of a possible sentence for a plea of guilty. See Fed. R. Crim. P.
11(c)(1) ("An attorney for the government and the defendant's attorney, or the defendant
when proceeding pro se, may discuss and reach a plea agreement. The court must not
participate in these discussions."). 

 Texas trial judges are not expressly prohibited by statute or any rule of procedure
from participating in plea bargain discussions. The Texas Court of Criminal Appeals,
however, has stated that a trial judge should not participate in any plea bargain discussions
until an agreement has been reached between the prosecutor and the defendant. Perkins,
738 S.W.2d at 282; Ex parte Williams, 704 S.W.2d 773, 777 n.6 (Tex. Crim. App. 1986). 
The reason for this suggestion is that the trial judge should always avoid the appearance
of any judicial coercion or prejudgment of the defendant, because such influence might
affect the voluntariness of the defendant's plea. Perkins, 738 S.W.2d at 282.

 It is undisputed in this case that there was no plea bargain and that Rodriguez
entered an open plea. Nevertheless, he takes issue with the following exchange at the
sentencing hearing:

 The Court: This defendant was here back on the 10th of
April, pled nolo contendere to Counts II and III
plus the enhancement. He was found guilty of
those and the enhancement was found true and
a PSI was ordered and the punishment set for
today. Anything further from the State?

 

 [The State]: Your Honor, based on Mr. Rodriguez's history
and the egregious nature of the act, we ask the
Court to sentence him to 20 years in prison.

 

 The Court: [Defense counsel]?

 

 [Defense counsel]: Judge, what I'm asking for is 10 years. This man
is-- has learned a lot while he's been in jail. 
He's also-- was married to this woman and was
trying to get an understanding from this woman. 
He realizes he didn't do the proper thing in trying
to get this matter taken care of. He regrets the
problems he's caused, but he would like a little
bit more mercy.

 

 The Court: Before I make a decision on this, there are two
pending retaliation cases that are set next week
or two and, depending on what the State does
with those, the Court might have a sort of a
different view of how I might treat the state's
recommendation. 

 

 [The State]: Your Honor, the state is of the position that, if
he's sentenced to at least 20 years in prison, we
will consider the other two cases as
unadjudicated and dismiss them in light of the
sentence that he receives on the cold plea. (4)

 

Nothing in this exchange indicates that the trial judge participated in a plea bargain with the
State. Rather, the Court was asking for recommendations and information as to
sentencing. 

 In reviewing a trial court's determination of the appropriate punishment in any given
case, a great deal of discretion is allowed. Jackson v. State, 680 S.W.2d 809, 814 (Tex.
Crim. App. 1984). The general rule is that as long as a sentence is within the proper range
of punishment provided by the statute for the offense, it will not be disturbed. Id.; Nunez
v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978). Because Rodriguez entered into
a open plea, the trial court was free to impose any punishment in accordance with the
statute. The punishment imposed by the trial court is well within the range of punishment
for burglary, even without an enhancement. See Tex. Penal Code Ann. § 30.02(a)(3),
(c)(2) (second-degree felony burglary of a habitation); id. § 12.33(a) (second-degree felony
carries a punishment range of two to twenty years' imprisonment). Rodriguez's first issue
is overruled.

B. Proper Admonishment

 Rodriguez argues that his plea was involuntary because the trial court failed to
admonish him of the difference in the possible sentences for count II of the indictment if
the State failed to prove the enhancement. Rodriguez complains that the trial court
admonished him that he could receive five to ninety-nine years' imprisonment for count two
with the enhancement. Rodriguez argues that if he had known that the punishment for
count two without the enhancement was only two to twenty years' imprisonment, he would
not have pleaded guilty. (5)

 Texas Code of Criminal Procedure article 26.13 sets forth the admonishment that
the trial court must give the defendant before accepting a plea of nolo contendere or guilty. 
Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2007). The court must advise the
defendant of the range of punishment. Id. art. 26.13(a)(1). Article 26.13(c) states that
substantial compliance by the court is sufficient, unless the defendant affirmatively shows
that he was not aware of the consequences of his plea and was misled or harmed by the
trial court's admonishment. Id. art. 26.13(c). "When a record shows that the trial court
delivered an incorrect admonishment regarding the range of punishment, and the actual
sentence lies within both the actual and misstated maximum, substantial compliance is
attained." Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

 The punishment imposed by the trial court is well within the range of punishment for
burglary, even without an enhancement. See Tex. Penal Code Ann. § 30.02(a)(3), (c)(2)
(second-degree felony burglary of a habitation); id. § 12.33(a) (second-degree felony
carries a punishment range of two to twenty years' imprisonment). Thus, the record
reveals that the trial court substantially complied with the admonishment requirements. 
Martinez, 981 S.W.2d at 197. Rodriguez points to nothing else in the record that supports
his claim that his plea was involuntary. Rodriguez's second issue is overruled. 

III. Factual and Legal Sufficiency of Enhancement

 In his final issue, Rodriguez argues that he did not plead "true" to the enhancement
and that the evidence was insufficient to prove the enhancement. The record shows
otherwise. The Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury
and Plea of No Contest was signed by Rodriguez, and it specifically states that he pleaded
"true" to the enhancement. At the April 10, 2006 hearing, Rodriguez stated to the court
that he was pleading true to the enhancement. The record of his prior conviction was
admitted without objection. Moreover, Rodriguez's sentence was within the range of
punishment for his burglary conviction, even absent the enhancement. See Tex. Penal
Code Ann. § 30.02(a)(3), (c)(2) (second-degree felony burglary of a habitation); id. §
12.33(a) (second-degree felony carries a punishment range of two to twenty years'
imprisonment). Rodriguez has not shown how he was harmed by the enhancement. Tex.
R. App. P. 44.2. Accordingly, Rodriguez's third issue is overruled. 

IV. Conclusion

 For the above given reasons, the judgment of the trial court is affirmed. 





 ________________________________

 GINA M. BENAVIDES

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this the 28th day of August, 2008.


1. The judgment does not separate punishment for the two offenses. It imposes twenty years' imprisonment,
total, for both offenses.
2. Count one, which alleged that Rodriguez assaulted Manuela, was left unadjudicated at this time.
3. On January 25, 2007, this Court issued an Order requiring the trial court to hold a hearing to answer specific
questions and to re-certify the case for appeal. On May 3, 2007, the trial court held such a hearing and made
the following findings of facts:

 1. This case was not a plea bargain case, but rather it was a cold plea.

 2. Paragraph[s] 13 and 14 of the Written Waiver and Consent to Stipulation of
Testimony, Waiver of Jury and Plea of No Contest" is an express waiver of appeal if the
punishment recommended by the prosecutor and agreed to by the defendant does not
exceed the agreed punishment. Paragraph 14 of the same "waiver" reflects that this is a cold
plea. Construed together, Paragraph[s] 13 and 14 reflect that this Defendant has not
effectively waived the right to appeal. The court therefore finds that this Defendant does
have the right to appeal. 

 3. Notwithstanding the finding in (2) above, the Court does grant this defendant the
right to appeal.
4. The record does not reflect the disposition of these other cases. 
5. We note that we have jurisdiction to consider this issue because it relates to the voluntariness of Rodriguez's
plea. See Castellano v. State, 49 S.W.3d 566, 569 n.2 (Tex. App.-Corpus Christi 2001, (holding appeal not
barred under Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000), where voluntariness of plea is
at issue).